IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| JONYSE JENELLE JOHNSON, | ) | 05 B 63330 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

## MEMORANDUM OPINION

Creditor PS Illinois Trust ("PS") asks that the Court enter an order modifying the previously entered confirmation order pursuant to Bankruptcy Rule 9023, as reflected by an attached minute order, and approving its proposed minute order and lawsuit notice. The debtor, as a plaintiff, has a lawsuit pending in the U.S. District Court for the Northern District of Illinois against the movant herein.[1] Her legal representative is the Langone Law Firm, which entered into a retention agreement with the debtor whereby the law firm will be compensated on a 33%

---

[1] The filing of the present Chapter 13 case may have complicated the jurisdiction of the U.S. District Court. The issue is whether the civil action between the movant PS Illinois Trust and the Chapter 13 debtor is still before the U.S. District Court. The problem originates in 28 U.S.C. § 157(a), which provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." In accordance with this provision, the U.S. District Court for the Northern District of Illinois, in Internal Operating Procedure 15(a), has mandated that "**any and all cases** under Title 11 U.S.C. and **any and all proceedings** arising under Title 11 U.S.C. or arising in or related to any case under Title 11 U.S.C. are referred to the bankruptcy judges of this District." U.S. District Court for the Northern District of Illinois Internal Operating Procedure 15(a) (emphasis added).

The next question is whether the civil action between the debtor and PS Illinois Trust is a proceeding "arising under" Title 11 or "arising in" or "related to" a case under Title 11. Generally speaking, when a debtor sues a noncreditor under nonbankruptcy law, the suit could bring funds into the estate, see 11 U.S.C. § 541(a) & § 1306(a), and the suit is a noncore proceeding, or a proceeding that is "related to" a case under Title 11. See generally *Northern Pipeline v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982); see also 28 U.S.C. § 157(c). When a debtor sues a creditor asserting a claim against the estate, the dispute is a "core" bankruptcy proceeding, or a civil proceeding that "arises under" a Title 11 or "arises in" a case under Title 11. See 28 U.S.C. §§ 157(b)(2)(C) & (O) (adjustment of debtor-creditor relationship) & 1334(b). The U.S. District Court in all likelihood has *automatically* referred the civil litigation to this Bankruptcy Court when the Debtor filed the bankruptcy "case" within the meaning of § 1334(a).

To issue a final judgment in the litigation, the U.S. District Court must grant a "permissive withdrawal" motion pursuant to 28 U.S.C. § 157(d), which provides in relevant part, "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." The U.S. District Court, though, must be the one to grant such a motion. See Fed. R. Bankr. Pro. 5011.

1

contingency-fee basis. The issue in this motion is whether the debtor's nonbankruptcy counsel is entitled to the full 33% if and when the debtor recovers on any money judgment or whether the trustee must administer all future proceeds as if the firm were a general unsecured creditor, which in this case is set to receive 50% under the present confirmed Chapter 13 plan.

In bankruptcy, a contract-based claim is a prepetition claim if the contract was formed before the filing of the bankruptcy case at issue. *Bethea v. Robert J. Adams & Associates*, 352 F.3d 1125, 1128-29 (7th Cir. 2003); *In re Griffin*, 313 B.R. 757, 761-63 (Bankr. N.D. Ill. 2004); *In re Caldor, Inc.-NY*, 240 B.R. 180, 192-93 (Bankr. S.D.N.Y. 1999), *affirmed*, 266 B.R. 575 (S.D.N.Y. 2001). Very often contracts contain various contingencies that have not occurred by the filing date, and services remain unperformed depending on future needs created by future events. Contracts forged prepetition nevertheless give rise to subsequent liabilities that remain prepetition claims in bankruptcy, because by definition a bankruptcy claim does not depend on whether such claim is "reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5). *Bethea v. Robert J. Adams & Associates*, 352 F.3d 1125, 1128-29 (7th Cir. 2003); *In re Griffin*, 313 B.R. 757, 761-63 (Bankr. N.D. Ill. 2004); *In re Caldor, Inc.-NY*, 240 B.R. 180, 192-93 (Bankr. S.D.N.Y. 1999), *affirmed*, 266 B.R. 575 (S.D.N.Y. 2001). Because the Langone Law Firm has not asserted an attorneys' lien in this matter, *see, e.g.,* 770 Ill. Comp. Stat. Ann. 5/1 (West 2000), we are dealing here with a prepetition general unsecured claim, the amount of which is contingent on future events. Such prepetition claims are generally filed and allowed or disallowed according to the bankruptcy proof-of-claim procedures, 11 U.S.C. § § 501 & 502; Fed. R. Bankr. Pro. 3001-3008, and are treated uniformly according to classification in the

reorganization plan, 11 U.S.C. § 1322.

Certain general unsecured claims are entitled to priority treatment, § 507(a), including a broader category known as "administrative expenses," which include certain postpetition expenses of the bankruptcy estate, § 503(b). The latter category includes compensation for specified types of bankruptcy attorneys and estate professionals under § 330, which reads:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103--
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
> (B) reimbursement for actual, necessary expenses.
> (2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.
> (3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including--
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.
> (4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for--

3

> (i) unnecessary duplication of services; or
> (ii) services that were not--
> (I) reasonably likely to benefit the debtor's estate; or
> (II) necessary to the administration of the case.
> (B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.
> . . .
> (6) Any compensation awarded for the preparation of a fee application shall be based on the level and skill reasonably required to prepare the application.
> . . . .

11 U.S.C. § 330. According to the statute, an attorney being compensated under § 330 would need to be either "a professional person employed under section 327" or a Chapter 13 debtor's attorney "representing the interest of the debtor in connection with the bankruptcy case." While the Chapter 13 debtor's attorney does not require a retention order from the bankruptcy court under section 327, other estate professionals do. In this case, the Langone Law Firm is not the debtor's Chapter 13 bankruptcy counsel; it is performing a limited legal function by attempting to recover, for the benefit of the bankruptcy estate, on a cause of action which is estate property under § 541(a) and § 1306(a) of the Bankruptcy Code. Section 327, subsection (e), is particularly relevant in situations such as the present one:

> (e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). The only wrinkle is that the Code refers to the "trustee" employing the special-purpose attorney for the benefit of the estate. However, for the following reasons, in a Chapter 13 case a debtor must be considered to be similar to a Chapter 11 debtor-in-possession –

4

for limited purposes – thereby stepping into the shoes of a bankruptcy trustee. Specifically, Chapter 13 debtors share a few of the powers of a Chapter 11 debtor-in-possession by remaining in possession of all property of the estate, see 11 U.S.C. § 1306(b); by exercising the authority to use, sell, or lease property of the estate under § 363(b)-(c), see §§ 1303 & 1304(b); and by occasionally incurring postpetition business debt under § 364, see § 1304(b). Because the various types of debtors-in-possession under Chapters 11, 12, and 13 generally retain possession of estate property, see 11 U.S.C. §§ 1207(b), 1306(b), 1106(a)(1), 1107(a), 1108, they are also considered to be in control of lawsuits belonging to the bankruptcy estate under § 541(a) and, therefore, to have the exclusive right under § 323(b) to prosecute these claims on behalf of the estate. See 10 *Collier On Bankruptcy* ¶ 6009.01, at 6009-2, ¶ 6009.03[3], at 6009-6 to -6.1 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2005). Since Chapter 13 debtors retain possession of property of the estate upon filing, the Chapter 13 trustee does not take custody or control of estate property except for the payments made to the trustee under the Chapter 13 plan. The law concerning custody and possession of Chapter 13 estate property dovetails with the law concerning the use, sale, and lease of Chapter 13 estate property. The Code provides, "Subject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b)," 11 U.S.C. § 1303. The most significant limitation under § 363(b) is that the trustee/debtor-in-possession may not use, sell, or lease estate property out of the ordinary course of business without court approval after notice and hearing. Finally, Federal Rule of Bankruptcy Procedure 6009 provides that a trustee or debtor-in-possession may prosecute any pending action by the debtor or may commence and prosecute any action on behalf of the estate before any tribunal. These principles led one court to conclude that

a Chapter 13 debtor would indeed be required to look to § 327(e) to employ special counsel needed for bringing the proceeds of nonbankruptcy litigation into the bankruptcy estate:

> This Court has jurisdiction over property of the Debtors' bankruptcy estates, *see* 28 U.S.C. § 1334(e), and use of the property of their estates to pay attorneys or other professional for services rendered must be approved by this Court, *see id.* § 327(e) (authorizing employment of attorney "for a specified special purpose," subject to court approval); *id.* § 1303 (giving debtor power to use estate property as authorized under § 363(b)). The estate property in these cases includes the cash settlements awarded in the tort actions in which the Debtors were represented by Mr. Eichholz, *see id.* § 1306(a)(1).

*In re Glover*, 2003 WL 23811474, at *2 (Bankr. S.D. Ga. 2003).

The Court notes that the Langone Law Firm has not sought appointment as special counsel pursuant to § 327(e) or approval of its 33% contingency fee pursuant to § 328(a). Thus, the Langone Law Firm is a general unsecured creditor subject to the plan's provision paying 50% to general unsecured creditors, provided a timely proof of claim is filed and not disallowed.

For the foregoing reasons, the Court approves in part the creditor's suggestions in its proposed order and will enter a separate order which indicates that all proceeds, if any, from the debtor's lawsuit against PS shall be paid to Trustee Thomas Vaughn. Under section 1329, the debtor, trustee, or the holder of an allowed unsecured claim may seek modification of the plan before completion of the plan payments. The Court will not require the debtor's attorney to seek modification of the plan upon receipt of lawsuit funds. Those parties who have authority to seek modification can seek it or not, as the circumstances may require. PS requests a Chapter 13 plan modification requiring the debtor to make plan payments until the earlier of the end of the plan or payment of 100% of the general unsecured claims. Currently, the plan is a 50% plan. Until a § 1329 motion warrants an order requiring 100% to general unsecured creditors, it is premature to

address this issue.

The order will also indicate that the plan is amended to indicate that the debtor's Schedule B is modified to show that the $75,000 value listed for the lawsuit is an estimate.

Date:   March 3, 2006                                ENTERED:

                                                     _____J.P.Cox_____  *Jacqueline P. Cox*
                                                     Jacqueline P. Cox
                                                     United States Bankruptcy Judge